# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| ABDUL HAKEEM AFIZ, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 4:19-cv-02720-NCC |
| UNKNOWN S.C.C.C. PRISON OFFICIALS, et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter comes before the Court on review of the civil complaint filed by pro se plaintiff Abdul Hakeem Afiz[1] pursuant to 28 U.S.C. § 1915. (Docket No. 1). For the reasons discussed below, the Court will transfer this action to the United States District Court for the Western District of Missouri.

### Background

Plaintiff is an inmate currently incarcerated at the South Central Correctional Center (SCCC) in Licking, Missouri. He brings this action pursuant to 42 U.S.C. § 1983. He names the following defendants: Unknown SCCC Prison Officials; Unknown Thessan; Billy Herndon; and Unknown Wade. The complaint is silent as to the capacities in which defendants are sued. Plaintiff has not paid the filing fee or filed a motion to proceed in forma pauperis. In his complaint, he alleges that he is being racially discriminated against by staff at SCCC.

### Discussion

Plaintiff is a pro se litigant who brings this civil action pursuant to 42 U.S.C. § 1983, alleging that various named and unnamed staff members at SCCC treated him in a discriminatory

---

[1] Also known as Miron Taylor.

manner based on his race. However, plaintiff has not properly alleged venue in this Court. Venue over civil actions properly lies only in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action."

28 U.S.C. § 1391(b). If venue is improper, the Court must either dismiss the action or, in the interest of justice, transfer the action to the proper district. 28 U.S.C. § 1406(a).

In the instant action, venue properly lies in the Western District of Missouri. Plaintiff's allegations concern allegedly discriminatory conditions at SCCC, in Licking, Missouri. Licking is in Texas County, which is in the Southern Division of the Western District. *See* 28 U.S.C. § 105(b)(5). Thus, the events giving rise to the complaint took place in the Western District. There is no indication that any of the named defendants lives in the Eastern District of Missouri, nor is there any indication that any part of plaintiff's case took place here. Therefore, this action will be transferred to the United States District Court for the Western District of Missouri.

Accordingly,

**IT IS HEREBY ORDERED** that the Clerk of Court shall transfer this case to the United States District Court for the Western District of Missouri. *See* 28 U.S.C. § 1406(a).

Dated this 4th day of November, 2019

_____
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE

2